IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAISY HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: |
| | ) | |
| v. | ) | St. Louis City Cause No. 1522-CC10997 |
| | ) | |
| | ) | |
| DMB FINANCIAL, LLC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant DMB Financial, LLC (hereinafter "DMB"), by and through the undersigned, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and with full reservation of all defenses, hereby removes this action titled *Daisy Hamilton v. DMB Financial, LLC.*, filed in the 22nd Judicial Circuit Court of the City of St. Louis, Missouri, Case No. 1522-CC10997 (the "Action")  to the United States District Court for the Eastern District of Missouri, Eastern Division, on the following grounds:

### I.    Background

1.    Plaintiff Daisy Hamilton ("Plaintiff") filed the attached Petition in the Circuit Court of St. Louis City, Missouri, on or about November 4, 2015, alleging violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq.* ("CROA"), the Missouri Merchandising Practices Act, § 407.010 RSMo., *et seq.*, the Missouri Credit Service

Organization Statute § 407.635 RSMo., *et seq.* (collectively, the "Missouri Statutes"), and for the unauthorized practice of law. *See* Plaintiff's Petition attached hereto as Exhibit A.[1]

2.    Defendant DMB was served with said Petition in this cause on November 18, 2015. *See* Court File, Ex. A.

3.    In the Petition, Plaintiff contends that Plaintiff purchased debt negotiation services from DMB on the basis of allegedly false statements and/or omissions about DMB's services in violation of CROA and the Missouri Statutes. *See* Plaintiff's Petition, Exhibit A. Plaintiff also contends that DMB acted in a representative capacity, and provided counsel to Plaintiff amounting to the unauthorized practice of law. *See* Plaintiff's Petition, Exhibit A.

4.    Plaintiff requests compensatory damages, punitive damages, declaratory relief, costs, and attorney's fees as a result of the purported CROA and Missouri Statute violations. Plaintiff also requests treble damages for the alleged unauthorized practice of law.

## II.    **Basis for Jurisdiction**

5.    This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a).

6.    This claim could have originally been filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."  As a result, federal question jurisdiction exists.

7.    Specifically, Plaintiff's claims arise under the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq.*

---

[1] Exhibit A comprises a copy of the Certified Court File, and is attached per Local Rule 2.03.

8.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has federal question jurisdiction, and this case, originally brought in the 22nd Judicial Circuit Court of the City of St. Louis, Missouri, is removable to the United States District Court for the Eastern District of Missouri, Eastern Division.

9.      Furthermore, because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, it also has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Missouri Statute claims and the claim for the unauthorized practice of law Plaintiff alleges, because those claims are related to the CROA claim, and form part of the same case or controversy.

10.     As made plain by the description of the claims contained in Plaintiff's Complaint, the alleged Credit Repair Organizations Act violation, the alleged Missouri Statute violations, and the claim for the unauthorized practice of law arise out of the same set of alleged operative facts. That is, all of Plaintiff's allegations relate to the purchase of debt negotiation services from DMB on the basis of allegedly false statements and/or omissions about DMB's services. *See* Plaintiff's Petition, Exhibit A.  As such, this Court has subject matter jurisdiction over the entirety of this action, and all of the claims asserted in the Petition.

11.     Removal remains equally appropriate pursuant to 28 U.S.C. § 1441(c), which allows the entire action to be removed, and allows the Court in some circumstances to sever claims over which the Court does not maintain original or supplemental jurisdiction.

12.     Because Plaintiff's Petition asserts a claim arising out of a statute of the United States, together with related claims based on the same set of operative facts, this Court has federal question jurisdiction over the entirety of this Action.

### III.     Rule of Unanimity

13.     The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the Action must either join in the removal, or file a written consent to the removal.

14.     DMB is the only named defendant in this Action.  As such, there are no other defendants whose consent to the removal is required.

### IV.     Notice Given

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal has been served on Plaintiff, and written notice has been filed with the 22nd Judicial Circuit Court of the City of St. Louis, Missouri.

### V.     Removal is Timely Filed

16.     DMB was served with Plaintiff's Petition via its registered agent on November 18, 2015.

17.     This Notice has been timely filed within thirty (30) days of DMB's receipt of the Petition as required by 28 U.S.C. § 1446(b).

### VI.     Pleadings and Process

18.     As required by 28 U.S.C. § 1446(a), DMB has attached copies of all state court process and pleadings to this Notice of Removal. *See* Court File, Exhibit A.

## VII.   Venue

19.    Pursuant to 28 U.S.C. § 1441(a), venue in this district is proper because this Action is currently pending in the 22nd Judicial Circuit Court of City of St. Louis, Missouri, a court sitting within the United States District Court for the Eastern District of Missouri, Eastern Division.

## VIII.   Non-Waiver of Defenses

20.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of DMB's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

**ACCORDINGLY**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 this Court has jurisdiction over this matter, and DMB Financial, LLC, hereby removes this Action from the 22nd Judicial Circuit Court of the City of St. Louis, Missouri to this District Court.

Dated: December 18, 2015.

WILLIAMS VENKER & SANDERS LLC


By: /s/ Claire Kaltenbach
 Steven P. Sanders, #27859
 Claire Kaltenbach, #64948
 Williams Venker & Sanders, LLC
 100 North Broadway, 21st Floor
 St. Louis, Missouri 63102
 Tel: (314) 345-5002
 Fax: (314) 345-5055
 ssanders@wvslaw.com
 ckaltenbach@wvslaw.com

 *Attorneys for Defendant DMB Financial, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record, and that copies of the same were also sent via email to all counsel of record as identified below. I further certify that I signed, or caused my electronic signature to be placed upon the original of the foregoing document.

Richard A. Voytas, Esq.
Alexander J. Cornwell, Esq.
Voytas & Company, LLC
1 North Taylor Ave.
St. Louis, Missouri 63108
rickvoytas@gmail.com
*Counsel for Plaintiff*

/s/ Claire Kaltenbach

## EXHIBIT A

Report: CZR0026

22ND JUDICIAL CIRCUIT
CITY OF ST. LOUIS
CIRCUIT COURT DOCKET SHEET

Date: 16-Dec-20
Time: 1:35:02PM
Page: 1

| 1522-CC10997 | DAISY HAMILTON V DMB FINANCIAL, LLC | Security Level: 1 Publi |
|---|---|---|

| | | | |
|---|---|---|---|
| **Case Type:** | CC Other Tort | **Case Filing Date:** | 04-Nov-2015 |
| **Status:** | Pet Filed in Circuit Ct | | |
| **Disposition:** | | **Disposition Date:** | |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | **BRYAN L HETTENBACH** (29584) | | |
| Plaintiff | **DAISY HAMILTON** (@438764) | | |
| Attorney for Plaintiff | RICHARD ANTHONY VOYTAS (52046) | | |
| Defendant | **DMB FINANCIAL, LLC** (DMBFINLLC) | | |

| Filing Date | Description |
|---|---|
| 04-Nov-2015 | **Judge Assigned** |
| | **Pet Filed in Circuit Ct** |
| | Petition. |
| | **Filed By:** RICHARD A VOYTAS |
| | **Motion Special Process Server** |
| | Plaintiff s Request for Appointment of Process Server. |
| | **Filed By:** RICHARD A VOYTAS |
| | **On Behalf Of:** DAISY HAMILTON |
| | **Filing Info Sheet eFiling** |
| | **Filed By:** RICHARD A VOYTAS |
| 05-Nov-2015 | **Order - Special Process Server** |
| | **Summons Issued-Circuit** |
| | Document ID: 15-SMOS-7400, for DMB FINANCIAL, LLC. |
| | **Service/Attempt Date:** 18-Nov-2015 |
| 16-Nov-2015 | **Jury Trial Scheduled** |
| | **Scheduled For:** 02-May-2016; 9:00 AM; BRYAN L HETTENBACH; **Setting:** 0; City of St. Louis |
| 01-Dec-2015 | **Notice of Service** |
| | Return of Service on Defendant DMB Financial, LLC. |
| | **Filed By:** RICHARD A VOYTAS |
| | **On Behalf Of:** DAISY HAMILTON |
| | **Corporation Served** |
| | Document ID - 15-SMOS-7400;   Served To - DMB FINANCIAL, LLC;   Server - ;   Serve Date - 18-NOV-15;   Served Time - 14:35:00;   Service Type - Special Process Server; Reason Description - Served |
| 16-Dec-2015 | **Judge/Clerk - Note** |
| | Certified copy of the Entire File was processed and hand delivered to Claire Kaltenbach. |



**IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC10997 |
|---|---|
| Plaintiff's/Petitioner:<br>DAISY HAMILTON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS<br>1 NORTH TAYLOR<br>ST LOUIS, MO 63108 |
| Defendant/Respondent:<br>DMB FINANCIAL, LLC<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101      (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  DMB FINANCIAL, LLC
~~Alias:~~
C/O MATTHEW GUTHRIE R/A
500 Cummings Center Drive, Suite 5450
Beverly, MA

**COURT SEAL OF**

**CITY OF ST LOUIS**

| | SPECIAL PROCESS SERVER |
|---|---|

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**November 05, 2015**
Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is  **Process Server**  of  **Essex**  County,  **Massachusetts** (State).
3. I have served the above summons by: (check one)
   - ☒ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____

Served at  500 Cummings Center Drive, Suite 5450, Beverly, MA  (address)
in  Essex  County, Mass.  (state), on  11/18/15  (date) at  2:35 p.m.  (time).

**Ronald Bertheim**
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this  18th  (day)  November  (month)  2015  (year)

I am: (check one)
   - ☐ the clerk of the court of which affiant is an officer.
   - ☐ the judge of the court of which affiant is an officer.
   - ☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - ☐ authorized to administer oaths. (use for court-appointed server)

**CHRISTINE A. CANUP**
(Seal)  **Notary Public**
**Commonwealth of Massachusetts**
**My Commission Expires**
**April 25, 2019**

*Christine Canup*
Signature and Title
Christine Canup, Notary

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC10997 |
|---|---|
| Plaintiff/Petitioner:<br>DAISY HAMILTON<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS<br>1 NORTH TAYLOR<br>ST LOUIS, MO 63108 |
| Defendant/Respondent:<br>DMB FINANCIAL, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DMB FINANCIAL, LLC
     **Alias:**
C/O MATTHEW GUTHRIE R/A
4 SURREY LANE
DANVERS, MA 01923

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**November 05, 2015**
    Date

*Thomas Kloeppinger*
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____
   _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

    **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
    I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                 ☐ the judge of the court of which affiant is an officer.
*(Seal)*    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                 ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**1522-CC10997**

Electronically Filed - City of St. Louis - November 04, 2015 - 10:38 AM

IN THE CIRCUIT COURT
CITY OF ST. LOUIS
STATE OF MISSOURI

DAISY HAMILTON,                    )
                               )
    Plaintiffs,               )
                               )   Cause No.
v.                                 )
                               )   Division
DMB FINANCIAL, LLC,                )
                               )
Serve at:                          )
Matthew Guthrie, Registered Agent  )
4 Surrey Lane                      )
Danvers, MA 01923                  )
                               )   JURY TRIAL DEMANDED
    Defendant.                )

**FILED**

NOV 0 5 2015

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW** undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

> **Northern Process Servers Attn: Ronald Bertheim**
> **252B Pleasant St**
> **Methuen, MA 01844**
> **Phone: 978-685-0093**
> **Email: northernprocess@gmail.com**

Natural persons of lawful age to serve the summons and petition in this cause. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE DEFENDANT AT:**
**DMB FINANCIAL, LLC,**
**Matthew Guthrie, Registered Agent**
**4 Surrey Lane**
**Danvers, MA 01923**

**1522-CC10997**

Electronically Filed - City of St. Louis - November 04, 2015 - 10:38 AM

```
================================================================
                      CASE INFORMATION
================================================================
```

DATE: 11/4/15
COURT LOCATION: St Louis City - Circuit Court
CASE TYPE: TI - Other Tort
CASE STYLE: DAISY HAMILTON V. DMB FINANCIAL, LLC

```
================================================================
                      PARTY INFORMATION
================================================================
```

PARTY TYPE: PLT - Plaintiff
SSN:
FIRST NAME: DAISY
MIDDLE NAME:
LAST NAME: HAMILTON
SUFFIX:
GENDER: FEMALE
DOB: 07/18/1956
E-MAIL:
PHONE:
ADDRESS:
 8416 GREENWOOD ROAD
 RAYTOWN, MO 64138
FILER: 52046 - RICHARD ANTHONY VOYTAS Jr.

--------------------------------------------------------------------------------

PARTY TYPE: DFT - Defendant
EIN:
ORGANIZATION: DMB FINANCIAL, LLC
E-MAIL:
PHONE:
ADDRESS:
 MATTHEW GUTHRIE, R.A.
 4 SURREY LANE
 DANVERS, MA 01923

```
================================================================
                    SUBMITTER INFORMATION
================================================================
```

SUBMITTED BY: 52046 - Richard Anthony Voytas Jr.
PHONE: (314) 600-3323
E-MAIL: rickvoytas@gmail.com
ADDRESS:
 ONE NORTH TAYLOR AVE.
 SAINT LOUIS, MO 63108

**1522-CC10997**

## IN THE CIRCUIT COURT
## CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| DAISY HAMILTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| DMB FINANCIAL, LLC, | ) | |
| | ) | |
| Serve at: | ) | |
| Matthew Guthrie, Registered Agent | ) | |
| 4 Surrey Lane | ) | |
| Danvers, MA 01923 | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW** undersigned counsel, pursuant to Local Rules, and at his own risk requests

the appointment of the Circuit Clerk of:

**Northern Process Servers Attn: Ronald Bertheim**
**252B Pleasant St**
**Methuen, MA  01844**
**Phone: 978-685-0093**
**Email: northernprocess@gmail.com**

Natural persons of lawful age to serve the summons and petition in this cause.  This

appointment as special process server does not include the authorization to carry a concealed

weapon in the performance thereof.

**SERVE DEFENDANT AT:**
**DMB FINANCIAL, LLC,**
**Matthew Guthrie, Registered Agent**
**4 Surrey Lane**
**Danvers, MA 01923**

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

Date: _____

By: _____

    **JUDGE**

**RICHARD A. VOYTAS, JR. #52046**
**ALEXANDER J. CORNWELL, #64793**
**BRYAN E. BRODY, #57580**
**1 North Taylor Avenue**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**rickvoytas@gmail.com**

**1522-CC10997**

## IN THE CIRCUIT COURT
## CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| **DAISY HAMILTON,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| **DMB FINANCIAL, LLC,** | ) |
| | ) |
| Serve at: | ) |
| Matthew Guthrie, Registered Agent | ) |
| 4 Surrey Lane | ) |
| Danvers, MA 01923 | ) |
| | ) |
| Defendant. | ) |

### PETITION

COMES NOW Plaintiff, Daisy Hamilton, and for her Petition states as follows:

### INTRODUCTION

1.     This is an action for actual and punitive damages brought by an individual for violations of the Missouri Merchandising Practices Act, Sections 407.010 RSMo. et seq. ("MMPA").

2.     This is an action for actual and punitive damages brought by an individual consumer for violations of the Credit Repair Organizations Act, 15 U.S.C. Sections 1679 et seq. ("CROA").

3.     This is an action for actual and punitive damages brought by an individual for violations of Sections 407.635 RSMo. et seq. governing credit service organizations ("CSO Statutes").

4.    This is an action for compensatory and punitive damages brought by an individual for the unauthorized practice of law.

5.    Plaintiff demands a trial by jury on all issues so triable.

<h3 align="center">JURISDICTION AND VENUE</h3>

6.    This Court has jurisdiction of Plaintiff's claims under Sections 407.025(1) and 407.644 RSMo.

7.    Venue is proper in the City of St. Louis, Missouri under Section 508.010.2(4) RSMo. because all defendants are nonresidents of Missouri.

8.    The circuit court has jurisdiction of all claims under Section 478.070 RSMo.

<h3 align="center">PARTIES</h3>

9.    Plaintiff Daisy Hamilton is an individual person and a Missouri resident.

10.    Defendant DMB Financial, LLC is a foreign limited liability company with its principal place of business in Beverly, Massachusetts.

<h3 align="center">FACTS</h3>

11.    Plaintiff is a retired widow who lives on Social Security payments and a small pension.

12.    After her husband's passing, Plaintiff's credit card debts began to accumulate.

13.    Plaintiff's income enabled her to remain current on all of the separate debts, though not without financial difficulty.

14.    Plaintiff's credit, as of September 2013, was perfect in that Plaintiff did not have any late payments on her credit.

15.    Plaintiff wanted to pay off the debts entirely so she could move to a distant city to be closer to her family.

16.   In September 2013, Plaintiff received a written communication from Defendant either through regular mail or e-mail.

17.   Defendant's September 2013 mailer offered Defendant's services to settle Plaintiff's debts.

18.   Defendant described its services as follows:

"Debt relief provides an alternative solution to handling your debt, instead of Bankruptcy.  We negotiate directly with your creditors to get them to forgive a portion of the debt that you owe. **Our programs are designed to have you out of debt anywhere from 12-36 months.** DMB Financial has been offering debt settlement services for over 10 years.   During that timeframe, we have **successfully settled over $353 Million dollars** for our nationwide clientele. **If we do not settle your debt you pay us nothing!** Our debt resolution programs are designed to settle debts that include credit cards, personal loans and even some medical bills. Debt settlement provides an alternative to bankruptcy.  Are you struggling to pay your minimum payments?  Are the balances on your credit cards close to or over the limits?  Are you paying the minimums every month and not seeing the balances coming down? If so, our performance based debt settlement program might be exactly what you need to resolve your debts once and for all!"

19.   Later that same month, Defendant called Plaintiff.

20.   Defendant again offered its services and represented that it could settle Plaintiff's debts.

3

21.     Defendant explained that Plaintiff would pay Defendant, which would then pay Plaintiff's creditors and, using its debt settlement skill, would ensure that Plaintiff ultimately paid less than she actually owed as of the date of the call.

22.     Plaintiff, in reliance on Defendant's representations, agreed to use Defendant's services in or about September 2013.

23.     In September of 2013, Defendant informed Plaintiff that to begin service, she would need to pay $1,200 for an "informational" DVD created by Defendant.

24.     In reality, this was a sham transaction intended to serve as an upfront charge for Defendant's debt settlement services.

25.     The "informational" DVD was totally worthless.

26.     Defendant actually made Plaintiff's credit card debt materially worse by charging the $1,200 to one of Plaintiff's credit cards that Defendant was supposed to be paying off.

27.     In September of 2013, Defendant further informed Plaintiff that she needed to pay Defendant a minimum of $420 per month.

28.     Plaintiff stated that she was currently making payment totaling $500 per month on her credit card debts.

29.     In September of 2013, Defendant advised Plaintiff to stop making payments on her credit card debts and required Plaintiff to stop making such payments if Plaintiff wanted Defendant's help.

30.     Defendant assured Plaintiff that such payments were unnecessary while she was utilizing Defendant's services.

31.     As of the date of this Petition, Plaintiff has paid Defendant more than $10,000.

4

32.     Within months after starting Defendant's program, Plaintiff began receiving late notices from her creditors and her credit score suffered damage because her credit card debts were no longer being paid.

33.     Plaintiff contacted Defendant monthly from October 2013 to the present seeking an explanation of why Defendant was not paying her creditors with the funds she sent to Defendant.

34.     Plaintiff experienced a high rate of "turnover" amongst Defendant's employees who were supposed to be working on her account; month after month, Plaintiff was told that she needed to deal with another person within Defendant's organization.

35.     Each time Plaintiff inquired, Defendant would claim that it was "working on it" and that Plaintiff had nothing to worry about.

36.     To date, Defendant has not distributed a single dollar of Plaintiff's payments to any of Plaintiff's creditors.

37.     Plaintiff's credit has gone from perfect to completely destroyed.

38.     Plaintiff's credit is now so poor that she cannot even rent an apartment and is thus prevented from relocating to be near her family.

39.     As of the date of this Petition, Plaintiff's creditworthiness continues to be severely damaged by nonpayment of her debts.

40.     Defendant has simply pocketed all of Plaintiff's money and has not performed as it promised.

41.     Defendant's actions have caused Plaintiff to suffer loss in excess of the minimum jurisdictional amount of this Court.

42.     Defendant's actions were wanton, willful, and in deliberate disregard of Plaintiff's rights.

## COUNT I: VIOLATION OF THE MMPA

43.     Plaintiff incorporates all prior paragraphs as if fully stated herein.

44.     Plaintiff purchased debt negotiation services from Defendant on the basis of Defendant's statements and/or omissions about Defendant's services.

45.     Defendant's statements about its services were deceptive, false, unfair, and concealed material facts in connection with its sale of its services to Plaintiff.

46.     Specifically, Defendant represented that it could help Plaintiff pay off her credit card debts for less than what she actually owed.

47.     In fact, Defendant forced her to pay $1,200 in a sham transaction which was actually intended to serve as an upfront fee for Defendant's services.

48.     Plaintiff paid Defendant more than $10,000 which was intended for her creditors but which Defendant failed to disburse to them.

49.     Defendant deceived Plaintiff by telling her to stop paying her credit cards despite knowing that it had not paid her creditors and that Plaintiff's nonpayment would severely damage her credit.

50.     When Plaintiff discovered that her debts were not being paid, Defendant lied and said that it was "working on it" and that Plaintiff had nothing to worry about.

51.     Plaintiff would never have used Defendant's services if she had known that Defendant would mislead her about its services and simply pocket her money.

52.     Defendant's conduct occurred in connection with the sale of debt settlement services to Plaintiff.

6

53.     Because of the representations, omissions, and actions of Defendant, Plaintiff purchased Defendant's services and, as a result, suffered monetary loss and actual damages in excess of $25,000.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Actual damages in an amount greater than the minimum jurisdictional amount of this Court to be determined at trial;

B.     Punitive damages pursuant to RSMo. § 407.025(1) in the largest amount allowed by law;

C.     Reasonable attorney's fees pursuant to RSMo. § 407.025(1);

D.     For such other and further relief as the Court deems proper.

## COUNT II: VIOLATION OF THE CROA

54.     Plaintiff incorporates all prior paragraphs as if fully stated herein.

55.     In its attempts to offer credit repair services to Plaintiff, Defendant has committed violations of the CROA, 15 U.S.C. § 1679 et seq., including, but not limited to, the following:

a.     Making or using an untrue or misleading representation of Defendant's services, 15 U.S.C. § 1679b(a)(3);

b.     Engaging, directly or indirectly, in an act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of Defendant's services, 15 U.S.C. § 1679b(a)(4); and

c.     Charging any money or other valuable consideration for the performance of a service which Defendant has agreed to perform for any consumer before such service is fully performed, 15 U.S.C. § 1679b(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.   Judgment that Defendant's conduct violated the CROA;

B.   Actual damages;

C.   Punitive damages pursuant to 15 U.S.C. § 1679g(2);

D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1679g(3); and

E.   For such other relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF THE CSO STATUTES

56.   Plaintiff incorporates all prior paragraphs as if fully stated herein.

57.   Plaintiff is an individual who purchased the services of a credit services organization from Defendant.

58.   Defendant is a company which, with respect to the extension of credit by others and in return for the payment of money or other valuable consideration, provided or represented to Plaintiff that it could or would 1) improve Plaintiff's credit record, history, or rating, 2) obtain an extension of credit for Plaintiff, or 3) provide advice or assistance to Plaintiff with regard to those services.

59.   In its provision of the services of a credit services organization to Plaintiff, Defendant has committed violations of the CSO Statutes, RSMo. 407.635 et seq., including, but not limited to, the following:

a.   Charging Plaintiff money or other valuable consideration before completing performance of all services Defendant had agreed to perform for Plaintiff, RSMo. § 407.638(1); and

8

     b.       Making and using false and misleading representations to Plaintiff in the offer and sale of the services of a credit services organization, RSMo. § 407.638(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.       Judgment that Defendant's conduct violated the CSO Statutes;

    B.       Actual damages in an amount no less than the amount Plaintiff paid to Defendant pursuant to 407.644.1(1);

    C.       Punitive damages pursuant to pursuant to 407.644.1(2);

    D.       Costs and reasonable attorney's fees pursuant to pursuant to 407.644.1(1); and

    E.       For such other relief as the Court may deem just and proper.

### COUNT IV: UNAUTHORIZED PRACTICE OF LAW

60.     Plaintiff incorporates all prior paragraphs as if fully stated herein.

61.     Neither Defendant nor any of its agents that dealt with Plaintiff are, or ever were, authorized to practice law in Missouri.

62.     Defendant acts in a representative capacity on behalf of Plaintiff by preparing documents and instruments, and by providing advice and recommendations, that affect the secular rights of Plaintiff.

63.     Defendant provides counsel to Plaintiff on dealing with Plaintiff's legal obligations to her creditors.

64.     Defendant provided counsel to Plaintiff to cease paying their creditors in favor of paying Defendant.

65.     Defendant advised Plaintiff that it possessed expertise in a variety of consumer protection laws and would apply these laws to obtain leverage in negotiation of Plaintiff's debts and to protect Plaintiff's rights.

66.     Plaintiff paid substantial fees to Defendant for and in connection with the counsel it provided.

67.     Because of the actions of Defendant, Plaintiffs suffered monetary loss and actual damages in excess of $25,000.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Judgment that Defendant's conduct constituted the unauthorized practice of law;

B.     Actual damages;

C.     Punitive damages;

D.     Treble damages pursuant to RSMo. § 484.020(2);

E.     Costs and reasonable attorney's fees; and

F.     For such other relief as the Court may deem just and proper.


**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

_____

**RICHARD A. VOYTAS, #52046**
**ALEXANDER J. CORNWELL, #64793**
**Voytas & Company, LLC**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**

10

**STATE OF MISSOURI**      )
                              )ss

**CITY OF ST. LOUIS**         )

     I, THOMAS KLOEPPINGER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case
**ENTIRE FILE**

---

St. Louis City case number 1522-CC10997

     WITNESS my hand and SEAL of said Court this 16TH day of DECEMBER, 2015.

                                    _Thomas Kloeppinger_
                                    **Thomas Kloeppinger**
                                    **Circuit Clerk**

                 By: _signature_
                 **Deputy Clerk**



**SEAL of the CIRCUIT COURT**